UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10369 (LGB) |

**STIPULATION AND ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE**

**WHEREAS** on February 27, 2025, the Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").[1]

**WHEREAS** on September 11, 2025, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") filed the *Application of the United States Trustee for an Order Pursuant to Bankruptcy Rule 2004 Authorizing and Directing the Production of Documents from and Examinations of the Debtor and Certain Third Parties* [ECF No. 44].

**WHEREAS** on November 25, 2025, the Court entered the *Order Pursuant to Bankruptcy Rule 2004 Authorizing and Directing the Production of Documents from and Examinations of the Debtor and Certain Third Parties* [ECF No. 46].

**WHEREAS** on May 7, 2026, the United States Trustee filed the *Motion of the United States Trustee to Appoint a Chapter 11 Trustee* [ECF No. 61] (the "Motion").

**WHEREAS** on May 19, 2026, the United States Trustee filed the *Notice of Adjournment of Hearing to Consider the Motion of the United States Trustee to Appoint a Chapter 11*

[1] Unless otherwise stated herein, all section references are to the Bankruptcy Code.

*Trustee* [ECF No. 64] as well as on June 23, 2026 [ECF No. 67] and on July 16, 2026 [ECF No. 69].

**WHEREAS** the Debtor and the United States Trustee have engaged in substantive, good faith negotiations to resolve the Motion.

**WHEREAS** the Debtor and the United States Trustee have reached a resolution to the assertions set forth in the Motion in accordance with the terms below and stipulate to the following (the "Stipulation and Order").

**IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1. The above recitals are incorporated herein in in their entirety.

2. The United States Trustee is directed to appoint an examiner (the "Examiner") in this chapter 11 case pursuant to 11 U.S.C. § 1104 solely to conduct the examination as set forth herein and to prepare and file a report as described herein.

3. The Examiner's scope of investigation (the "Scope") is to investigate and analyze any transfers[2] made by the Debtor to the Debtor's insiders or any of their affiliates during the period from February 27, 2021 to February 27, 2025, and to determine:

a. whether the Debtor has any viable causes of action for avoidance of the transfers; and
b. to report and recommend a course of action, if any, related to the avoidance and recovery of any of the transfers.

The Examiner's budget with respect to the Scope of the Examiner's investigation shall be further detailed in the Work Plan (as defined herein).

4. The Debtor shall reasonably cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation.

[2]All undefined terms—including the terms "affiliate," "insider," and "transfer"—shall have the meanings ascribed to them in section 101 of the Bankruptcy Code.

5. Subject to the second sentence of this paragraph the Debtor shall provide to the Examiner all non-privileged documents and information within its possession that the Examiner deems relevant to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtor asserts a claim of privilege, or otherwise to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtor is unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Debtor shall provide a privilege log for withheld materials within a reasonable time. Production of documents pursuant to this Order shall be subject to Rule 502(d)'s non-waiver provisions, and any inadvertent production shall be clawed back on written notice, without waiver. Disputes shall be resolved via expedited conference; the Court may review in camera. The Examiner and retained professionals shall treat produced materials as confidential and use them solely for the Investigation and disclosure to third parties requires the Debtor's consent or an express order of the Court,

6. Within seven (7) business days after entry of the Order approving the identity of the Examiner and the appointment thereof is entered on the docket in these cases, the Examiner shall propose a work plan (the "Work Plan") and shall provide his or her budget for the Investigation consistent with this Order (the "Budget"). The Debtor expressly reserves all rights to object to any Budget (including any revised or supplemental budget), and nothing herein shall be deemed a waiver of any such rights. The Examiner shall provide monthly status and variance reports against the Budget to the Debtor and the Court. The Work Plan and Budget shall be subject to the approval of the Court on seven (7) days' notice to all parties that have requested

notice pursuant to Bankruptcy Rule 2002. For avoidance of doubt, the rights of all parties in interest regarding the Work Plan and Budget are reserved.

7. The Examiner shall prepare and file a report setting forth the result of the Examiner's Investigation ("Report"), as is required by 11 U.S.C. § 1106(a)(4), within sixty (60) days following the filing of the Work Plan, unless such time shall be extended by order of the Court on Notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Examiner shall file any report or exhibits containing confidential or commercially sensitive information (as such terms are used in section 107 of the Bankruptcy Code) under seal or with redactions, subject to Court approval. Any extension shall require a showing of good cause after conferral with the Debtor and shall be narrowly tailored.

8. Neither the Examiner nor the Examiner's professional or other representatives or agents shall make any public disclosures concerning the performance of the Investigation of the Examiner's duties until the Examiner's report is filed with the Court, unless otherwise ordered by this Court.

9. The Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code.

10. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are

established in these cases. Compensation and reimbursement of expenses of the Examiner and any professionals retained by the Examiner shall be determined pursuant to 11 U.S.C. § 330.

11. The Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the Scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; *provided, however*, that the Examiner shall not have the standing to prosecute any claims or cause of actions.

12. This Order is without prejudice to (i) the right of any party in interest to seek relief from the Court to further expand the Scope of the Investigation and (ii) the right of the Examiner to seek such other relief as he or she may deem appropriate in furtherance of the discharge of his or her duties and the Investigation. Any request to expand the Scope must demonstrate that the likely benefits to the estate outweigh the incremental costs and burdens, after good-faith conferral with the Debtor

13. Upon the Court approval of this Stipulation and Order, the Motion shall be deemed resolved without prejudice. Nothing in this Stipulation and Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to making a motion for the appointment of a trustee. However, no party shall seek appointment of a trustee based solely on the Debtor's good-faith compliance with this Order or disagreements over scope that are timely presented to the Court.

14. This Stipulation and Order may be executed in counterparts and that a facsimile or electronic signature shall have the same binding effect on all parties hereto as an original signature.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

Dated: July 14,2026
New York, New York

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: /s/ *Nicholas A. Pasalides*
Nicholas A. Pasalides, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
E-Mail: npasalides@eckertseamans.com

*Counsel for the Debtor*

**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE**

By:/s/ *Daniel Rudewicz*
Daniel Rudewicz
Trial Attorney
Office of the United States Trustee – NY
Alexander Hamilton Custom House One Bowling Green, Room 534
New York, New York 10004

Dated: July 28, 2026
New York, New York

**/s/ Lisa G. Beckerman**
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE