**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10369 (LGB) |

# AMENDED DECLARATION OF STEPHANIE WICKOUSKI

I, Stephanie Wickouski, hereby declare pursuant to 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information, and belief:

## Professional Background

1. I am a Managing Director and Head of the New York office with Pivot Management Group, LLC ("***Pivot***"). Pivot provides turnaround, workout, restructuring and other financial advisory services, as well as serving in fiduciary capacities in connection with bankruptcy and insolvency cases

2. Prior to joining Pivot on January 1, 2025, I practiced law in the areas of bankruptcy, insolvency, creditors' rights, and commercial litigation for forty-five (45) years with various law firms. I have extensive experience representing parties in complex chapter 11 matters, including court-appointed examiners, trustees, federal and state receivers, and other fiduciaries. I currently continue to practice law on a limited basis as a solo practitioner.

3. Before entering private law practice, I served as a judicial law clerk for former United States Bankruptcy Judge Roger M. Whelan in the United States Bankruptcy Court for the District of Columbia in Washington, D.C. After completing my clerkship and before entering

private practice, I served as a Trial Attorney for the United States Department of Justice, Civil Division, Commercial Litigation Branch.

4. I am admitted, practicing, and a member in good standing of the bars of the State of New York and the District of Columbia. I am also admitted to the bars of the State of Maryland and the Commonwealth of Virginia on inactive status. I am also admitted to practice in the United States Court of Appeals for the Fourth Circuit and the United States District Courts for the Southern District of New York, the Eastern District of New York, the District of Columbia, the District of Maryland, and the Eastern District of Virginia. There are no disciplinary proceedings pending against me in any jurisdiction.

5. On August 12, 2026, I was interviewed by the office of the United States Trustee (the "U.S. Trustee") with respect to serving as an examiner in the Bankruptcy Case. In connection with that interview, I provided the U.S. Trustee with my relevant qualifications and experience for the role of examiner in this Bankruptcy Case.

6. I submit this declaration (this "***Declaration***") to establish that I am a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "***Bankruptcy Code***") in connection with my proposed appointment as examiner in the above-captioned chapter 11 case (the "***Bankruptcy Case***") of Citi Connect, LLC (the "***Debtor***").

**Disinterestedness**

7. As of today's date, neither I nor Pivot have received any payments of any kind in any amount from any entity for services rendered in connection with the Bankruptcy Case. Furthermore, pursuant to section 504 of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the ***Bankruptcy Rules***"), no agreement or understanding exists, or shall exist, between or among me, Pivot, and/or any other entity (including, without limitation, the Debtor) for the sharing of compensation or reimbursement (i) that I may receive for services

rendered as the examiner in this Bankruptcy Case or (ii) that such other entity has already received or may receive for services that entity rendered in or in connection with this Bankruptcy Case, except that I, as a managing partner of Pivot, may share any compensation or reimbursement I receive in connection with this Bankruptcy Case with other employees of Pivot. Neither I, nor any other employee of Pivot, have received any promise or promises as to compensation in this Bankruptcy Case, other than in accordance with the provisions of the Bankruptcy Code.

8. Pivot provides advisory services to many businesses, financial institutions, and commercial entities. Some of these entities may consider themselves to be creditors of the Debtor and/or parties-in-interest in the Bankruptcy Case or to otherwise have interests in this case. If at any point in the future, Pivot becomes aware of any such real or perceived relationship, I will make subsequent disclosures to this Court of any such relationship(s).

9. In preparing this Declaration, I utilized the standard procedures established by Pivot to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of estate professionals. I obtained from prior filings in this case a list of the names of individuals and entities who may be parties-in-interest in this Bankruptcy Case, including without limitation, the Debtor, certain current and former entities affiliated with the Debtor, and various other parties identified by the Debtor (collectively, the "***Potential Parties in Interest***"). This list of the Potential Parties in Interest is attached to this Declaration as "***Schedule 1***". In accordance with Pivot's conflict check procedures, I submitted the list of the Potential Parties in Interest to Pivot.

10. Pivot maintains and systematically updates its conflict database in the regular course of its business. Pivot's conflict database includes, among other information, the names of all current and prior Pivot clients and certain additional data related to Pivot's engagement by these

clients. When Pivot considers a new engagement, Pivot queries this database to ascertain the following: (i) every matter on which Pivot have now or have been engaged; (ii) the entity by which Pivot is now or has been engaged; (iii) the identities of related parties; (iv) the identity of adverse parties; and (v) the personnel at Pivot knowledgeable about the matter. It is Pivot's policy that no new matter may be accepted or opened without checking for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. This regular procedure was followed in this instance to identify any connections that Pivot had to any of the Potential Parties in Interest.

11. Pivot's conflict database is updated regularly for every new matter. Pivot and I will maintain an ongoing inquiry regarding the Potential Parties in Interest against which Pivot's conflicts search was originally conducted. If I subsequently discover any new or existing connection in this Bankruptcy Case, I will supplement the information in this Declaration.

12. I do not provide and have not provided services to the Debtor or any of the potential parties in interest in connection with my solo law practice.

13. After performing diligent inquiry. except as otherwise expressly set forth below, I have ascertained the following:

(a) Neither I nor Pivot is or has been a creditor, equity holder, or insider of the Debtor or counsel to the Debtor during this Bankruptcy Case.

(b) Neither I nor any other employee of Pivot, is or has been a director, officer, or employee of the Debtor, or counsel for the Debtor.

(c) Neither I nor Pivot currently has or had any interest materially adverse to the interests of the Debtor or any of its creditors or equity holders by reason of any direct

or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

(d) Neither I nor any employee of Pivot is a relative of (i) any Bankruptcy Judge of this Court, (ii) the U.S. Trustee, (iii) any person employed by the U.S. Trustee, or Judge Beckerman's law clerks or courtroom deputy.

(e) Neither I nor any employee of Pivot currently represents or has represented the Debtor, its affiliated companies, creditors, equity holders, or any other parties in interest in this Bankruptcy Case except as set forth herein.

14. Based on the results of this conflict check as of August 12, 2026, Pivot did not identify any connections with any of the Potential Parties in Interest in its conflicts search that would constitute a material adverse interest in this Bankruptcy Case. The only connection discovered in Pivot's conflict check was the Internal Revenue Service, which is listed as a creditor or notice party in other bankruptcy cases in which Pivot is an advisor.

**Additional Disclosures**

15. Pivot and/or I may appear in cases, proceedings, and transactions all over the country involving many different attorneys, co-counsel, accountants, financial consultants, and investment bankers, some of whom now or may in the future represent claimants and parties-in-interest in this Bankruptcy Case in other matters that are not related to this Bankruptcy Case. Neither I nor Pivot will have any relationship with any such entity that would be considered adverse to my role as examiner in this Bankruptcy Case. I am not aware of any creditors of the Debtor or other Potential Parties in Interest that I or Pivot currently represent(s) on matters unrelated to the Debtor and this Bankruptcy Case. Nevertheless, Pivot will carry on further inquiries with respect to the matters described in this Declaration. I will file supplemental

declarations regarding this proposed appointment if any additional relevant information comes to my attention.

16. I personally will not serve in any capacity other than as an examiner in this Bankruptcy Case, and, if I am appointed as examiner, Pivot will not represent any entity in this Bankruptcy Case other than potentially assisting me in my capacity as examiner.

17. For these reasons, and in light of the foregoing, I believe that I am a "disinterested person" in this Bankruptcy Case as that term has been defined in Section 101(14) of the Bankruptcy Code and that I am eligible to be appointed as examiner in this Bankruptcy Case in accordance with Bankruptcy Code § 1104 and the Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: August 24, 2026
New York, New York

Stephanie Wickouski

Stephanie Wickouski

**Schedule 1 – Potential Parties in Interest**

- Citi Connect Industries LLC
- Joint Industry Board of the Electrical Industry c/o Virginia & Ambinder, LLP
- Philadelphia Insurance Companies
- Spiralaxis Idesigns Inc.
- Angelo Pino
- Carlos Heredia (875 E. 145th St Bronx, NY 10455)
- Internal Revenue Service
- New York City Department of Finance
- Pino Realty, LLC
- Berkshire Hathaway Homestate Companies
- New York State Department of Labor
- Prime Pay
- Nicholas A. Pasalides
- Eckert Seamans Cherin & Mellott LLC