**Presentment Date: September 3, 2026 at 12:00 p.m. (Eastern time)**
**Objection Deadline: August 31, 2026 at 4:00 p.m. (Eastern time)**

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
bwilson@pszjlaw.com

*Proposed Counsel to Stephanie Wickouski, the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10369 (LGB) |

**NOTICE AND PRESENTMENT OF MOTION TO APPROVE EXAMINER'S WORK PLAN AND BUDGET**

**PLEASE TAKE NOTICE** that upon the annexed *Motion to Approve the Examiner's Work Plan and Budget* (the "Motion") of Stephanie Wickouski, the court-appointed examiner (the "Examiner") in this chapter 11 case, the undersigned will present the attached proposed order (the "Order") to the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, for signature on **September 3, 2026 at 12:00 p.m. (Eastern Time)**.[1]

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the chambers of the Honorable Lisa G. Beckerman at least three days before the date of presentment, there may not be a hearing and the Order may be signed.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing relates shall be included in the upper right-hand corner of the caption of all objections.

New York, New York
Dated: August 24, 2026

*/s/ Bradford J. Sandler*

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Counsel to Stephanie Wickouski, the Examiner*

To: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; and (iii) any persons who have filed a request to receive documents pursuant to Bankruptcy Rule 2002.

**Presentment Date: September 3, 2026 at 12:00 p.m. (Eastern time)**
**Objection Deadline: August 31, 2026 at 4:00 p.m. (Eastern time)**

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
bwilson@pszjlaw.com

*Proposed Counsel to Stephanie Wickouski, the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CITI CONNECT, LLC, | Case No. 25-10369 (LGB) |
| Debtor. | |

## EXAMINER'S MOTION TO APPROVE WORK PLAN AND BUDGET

Stephanie Wickouski, Examiner in this chapter 11 case (the "Chapter 11 Case"), by the undersigned proposed counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit B**, approving the Examiner's proposed Work Plan and Budget, attached as **Exhibit A**. In support of the Motion, the Examiner respectfully states as follows:

1. On July 28, 2026, the Court entered a *Stipulation and Order Directing the Appointment of an Examiner Pursuant to Section 1104 of the Bankruptcy Court* [Docket No. 70] (the "Examiner Order").

2. On August 13, 2026, the United States Trustee appointed Stephanie Wickouski (the "Examiner") as the examiner in the Chapter 11 Case. On August 13, 2026, the United States Trustee filed (i) a *Notice of Appointment of an Examiner* [Docket No. 72] and (ii) an *Application*

*for Order Approving the Appointment of Examiner* [Docket No. 73]. The Court entered an order [Docket No. 75] appointing Ms. Wickouski as the Examiner on the same day.

3. The Examiner Order directs the Examiner, within seven business days after appointment (that is, by August 24, 2026), to propose a work plan and budget, both of which are subject to the Court's approval on seven days' notice to all parties that have requested notice in the Chapter 11 Case under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Examiner Order, ¶ 6.

4. In accordance with the Examiner Order, notice of this Motion has been provided to (a) counsel to the Debtor; (b) the Office of the U.S. Trustee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case.

*[Signature page follows.]*

**WHEREFORE**, the Examiner respectfully requests that this Court approve the Examiner's Work Plan and Budget, as proposed and attached hereto as **Exhibit A**.

New York, New York
Dated: August 24, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Counsel to Stephanie Wickouski, the Examiner*

# **Exhibit A**

## **Examiner's Work Plan and Budget**

**Presentment Date: September 3, 2026 at 12:00 p.m. (Eastern time)**
**Objection Deadline: August 31, 2026 at 4:00 p.m. (Eastern time)**

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
bwilson@pszjlaw.com

*Proposed Counsel to Stephanie Wickouski, the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10369 (LGB) |

**WORK PLAN AND BUDGET OF STEPHANIE WICKOUSKI, EXAMINER**

Stephanie Wickouski (the "Examiner"), the court-appointed Examiner in this chapter 11 case (the "Chapter 11 Case"), by the undersigned proposed counsel, respectfully submits the following work plan (the "Work Plan") and corresponding budget (the "Budget") in accordance with the requirements set forth in the *Stipulation and Order Directing the Appointment of an Examiner Pursuant to Section 1104 of the Bankruptcy Code* [Docket No. 70] (the "Examiner Order").

## Background

1. On February 27, 2025, Citi Connect, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On May 7, 2026, the United States Trustee (the "UST") filed a *Motion of the United States Trustee to Appoint a Chapter 11 Trustee* [ECF No. 61] (the "UST Motion").

3. As part of a resolution of the assertions set forth in the UST Motion, on July 28, 2026, the Court entered the Examiner Order directing the UST to appoint an examiner under section 1104(c) to investigate and analyze any transfers made by the Debtor to the Debtor's insiders or any other affiliates during the period from February 27, 2021 to February 27, 2025, and to determine:

a. whether the Debtor has any viable causes of action for avoidance of the transfers; and

b. to report and recommend a course of action, if any, related to the avoidance and recovery of any of the transfers.

4. The Examiner Order also directed the examiner to "prepare and file a report setting forth the result of the Examiner's Investigation ('Report'), as is required by 11 U.S.C. § 1106(a)(4)" subject to the terms of the Examiner Order. Examiner Order, ¶ 7.

5. The Examiner Order further provided that the Examiner Order was "without prejudice to (i) the right of any party in interest to seek relief from the Court to further expand the Scope of the Investigation and (ii) the right of the Examiner to seek such other relief as he or she may deem appropriate in furtherance of the discharge of his or her duties and the Investigation." Examiner Order, ¶ 12.

6. On August 13, 2026, the UST appointed the Examiner and filed the (i) *Notice of Appointment of an Examiner* [Docket No. 72]; and (ii) *Application for Order Approving the Appointment of Examiner* [Docket No. 73]. The Court entered an order approving the appointment of the Examiner [Docket No. 75] on the same day.

7. Pursuant to the Examiner Order, the Examiner's report will be due on October 23, 2026, absent further order of the Court on notice to all parties. *See* Examiner Order, ¶ 7.

**The Examiner's Activities to Date**

8. The Examiner has already begun the investigation. Shortly after the appointment, the Examiner spoke with counsel for the Debtor and requested all documents produced to the UST, including documents produced in connection with the Court's *Order Pursuant to Bankruptcy Rule 2004 Authorizing and Directing the Production of Documents from and Examinations of the Debtor and Certain Third Parties* [Docket No. 46], as well as transcripts from the Rule 2004 examination of the Debtor and the meeting of creditors. On August 17, 2026, the Examiner received some of the requested documents from the Debtor.

9. The Examiner anticipates that there will be follow-up meetings with the Debtor's professionals and their counsel seeking additional information that will be relevant to the Examiner's investigation, as well as follow-up document requests. To expedite document sharing in an effort to meet the deadline for the report, the Examiner expects that the investigation will be an iterative process with waves of document requests, meetings, and interviews.

**The Examiner's Proposed Work Plan**

10. Based upon the information currently available to the Examiner, the Work Plan for the investigation includes, but is not limited to, the following:

11. ***Fact Investigation***. The Examiner's first priority is to understand the nature, volume, and extent of documents and data that will need to be reviewed and analyzed in order to complete the investigation. The Examiner will seek documents broadly concerning: the organization and structure of the Debtor, accounting records for transfers to insiders, accounting records for transfers to affiliates, and communications related to such transfers.

12. The Examiner may also request documents and information relevant to the investigation from third parties, including (but not limited to) the Debtor's principals, current

and/or former personnel of the Debtors, Citi Connect Industries LLC, Corbel Communications Industries LLC, and other parties with relevant information.

13. Based on the information currently known, the Examiner plans to interview certain key people, including the Debtor's principals. The Examiner will generally seek to conduct voluntary interviews of witnesses with respect to the issues that are germane to the investigation. In addition, the Examiner and the Examiner's professionals may interface with certain of the Debtors' officers or employees in non-interview settings in connection with the provision of information and data needed for the investigation.

14. ***Analysis and Research***. As information and documents are received, the Examiner and the Examiner's professionals will analyze the transactions and transfers, as well as, review applicable law.

15. ***Drafting of Report***. In order to timely complete the report, the Examiner and the Examiner's professionals will to the extent feasible and practicable conduct the drafting of the report in parallel to the efforts described above, and will seek to incorporate and build upon information already collected in the proceeding as well as other publicly available information.

16. ***Case Administration***. During the Investigation, the Examiner will continue to maintain open lines of communication with the UST, the Debtors, and other interested parties. The Examiner's counsel will also monitor and review pertinent filings with the Court regarding or involving any issues related to the investigation as well as filings in any other relevant proceedings.

17. Further, in accordance with the Examiner Order, the Examiner has determined that it is necessary and appropriate to employ and retain, subject to approval of the Court, certain professionals to fully discharge the Examiner's fiduciary and statutory duties. *See* Examiner Order, ¶ 9. The Examiner will be moving for authorization to retain Pivot Management Group,

LLC ("Pivot") to assist the Examiner in the performance of all duties as Examiner and Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel to the Examiner.

18. ***Court Appearance and Hearings***. To the extent that matters come before the Court, the Examiner and counsel will prepare for and attend Court hearings.

19. ***Scope of Investigation***. The Examiner Order contemplates that the Examiner may seek to expand the scope of the investigation. *See* Examiner Order, ¶ 12. The Examiner does not yet have sufficient information to make any decision concerning whether an expansion of the scope of the investigation is warranted and feasible. In the event the Examiner determines that the scope of the investigation should be expanded, the Examiner will first consult with the Debtor and the UST before seeking the Court's authorization to expand the scope of the investigation and correspondingly increase the Budget.

20. ***Reservation of Rights***. This Work Plan is based upon currently available information and presumes the full, complete, and timely cooperation of the Debtor and other parties in interest in accordance with the Examiner Order. *See* Examiner Order, ¶¶ 4-5. Given the early stage of the investigation, it will take time to assemble, review, process, and analyze the documents and data. As the process unfolds, the Work Plan may need to be amended to fulfill the Court's direction to deliver a report. The Examiner reserves the right to modify the Work Plan accordingly and will promptly notify the Court if modifications are necessary.

## The Budget

21. The Examiner currently projects a Budget of approximately $356,750.00 in connection with the Work Plan. This Budget constitutes the Examiner's current estimate of fees incurred by Pivot and PSZJ for services provided to the Examiner and includes fees incurred by

the Examiner. This Budget assumes the integrity of the Debtors' books and records and full cooperation of all parties in interest.

22. As described above, to the extent the Examiner seeks this Court's authorization to expand the Scope of the Investigation, the Examiner reserves the right to seek the Court's authorization for a corresponding increase to the Budget.

## **Conclusion**

The Examiner respectfully submits that this Work Plan and Budget are reasonable and appropriate and should be approved by the Court.

New York, New York
Dated: August 24, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Counsel to Stephanie Wickouski,*
*the Examiner*

# **Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10369 (LGB) |

**ORDER APPROVING EXAMINER'S WORK PLAN AND BUDGET**

Upon the motion (the "Motion")[1] of the Examiner for entry of an order approving the Examiner's proposed Work Plan and Budget, all as more fully described in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and there being no timely objections to the requested relief, after due notice; and the Court hereby finding and determining that the relief sought in the Motion and granted herein is necessary and in the best interest of the Debtor, its estate, creditors, and all parties-in-interest; and after due deliberation and finding good cause to grant the Motion and sufficient and just cause for the relief granted herein; therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Examiner's Work Plan and Budget are hereby approved.

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2. The Order does not preclude the Examiner from seeking the Court's authority to modify the Work Plan and correspondingly increase the Budget within the scope of the Examination Order.

3. To the extent that the Examiner seeks to materially modify the Work Plan and/or Budget, the Examiner will seek approval of any such modifications by further order of the Court.

New York, New York
Dated: ________________, 2026

HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE