Eckert Seamans Cherin & Mellot LLC
Attorneys for the Debtor
10 Bank Street, Suite 700
White Plains, New York 10606
914-286-2851
By: Nicholas A. Pasalides
npasalides@eckertseamans.com

Hearing Date: October 19, 2026
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No 25-10369(lgb) |

**CITI CONNECT LLC'S MOTION TO DISMISS ITS CHAPTER 11 CASE**

TO: THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

Citi Connect LLC, Debtor and Debtor-in-Possession (the "Debtor"), by and through its attorneys Eckert Seamans Cherin & Mellott LLC., as and for its motion seeking an order voluntarily dismissing the above-referenced Chapter 11 case pursuant to 28 U.S.C. § 1112 and Bankruptcy Rule 1017 respectfully represents:

1. The Debtor filed a petition under Chapter 11 of Title 11 of the United States Code on February 27, 2025 (the "Filing Date").

2. The Debtor has been operating since the Filing Date as a Debtor-in-Possession pursuant to §1107 and 1108 of the Bankruptcy Code.

3. No creditors committee has been appointed.

4. The Debtor no longer wishes to remain in Chapter 11 and respectfully requests that the Court dismiss the case.

5. The Debtor is in the business of designing installing and repairing telecommunications infrastructure specifically telecommunications cable thought New York and the tristate area.

6. At the time of its Chapter 11 bankruptcy the Debtor's financial difficulties were due to a combination of robust competition for the installation of physical telecommunications infrastructure as well as ongoing legal disputes with Joint Industry Board of the Electrical Industry ("JIB"). JIB obtained a judgment against the Debtor resulting in the restraint of Debtors accounts receivable and bank accounts.

7. The Debtor moves, pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017 and 2016 for the entry of an Order, substantially in the form of the Proposed Order annexed hereto, dismissing the Debtor's chapter 11 case.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

9. Section 1112(b) provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a cause under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate." See 11 U.S.C. 1112(b). The moving party must demonstrate by a preponderance of the evidence that cause exists to dismiss the case. See *In re BH S &B Hldgs, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

10. Section 1112(b)(4)(A) defines "cause" to include, among other things, a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

11. The Debtor has been and continues to be actively negotiating with its main creditor JIB. No resolution by the parties has yet been reached but the Debtor believes that it may be close to completing a mutually beneficial resolution of the claim. Additionally, the costs associated with Chapter 11 continue to cause a drain on the Debtor's income and overall finances including, but not limited to attorney fees, United States Trustee fees and other costs associated with the administration of the Debtor's Chapter 11 case. The Debtor believes that those funds can be better utilized outside the Chapter 11 context to satisfy its remaining creditors.

12. Given the fact that the Debtor's creditors will retain all of their rights outside of this bankruptcy, the Debtor submits that no party shall be prejudiced by dismissal.

13. As to conversion to chapter 7, given the Debtor's current ongoing obligations, its creditor body and the paucity of assets, conversion to chapter 7 is not likely to benefit any of the estate's creditors.

WHEREFORE, the Debtor respectfully requests that this motion be granted, together with such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
September 25, 2026

*/s/Nicholas A. Pasalides*

Nicholas A. Pasalides, Esq. (No. 4941696)
Eckert Seamans Cherin & Mellott, LLC
*Attorneys for the Debtor*
10 Bank Street, Suite 700
White Plains, New York 10606
Tel.: (914) 949-2909
Fax: (914) 949-5424
npasalides@eckertseamans.com