Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
bwilson@pszjlaw.com

*Counsel to Stephanie Wickouski, the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10369 (LGB) |

**EXAMINER'S LIMITED OPPOSITION TO CITI CONNECT LLC'S MOTION TO DISMISS ITS CHAPTER 11 CASE**

Stephanie Wickouski, the examiner (the "Examiner") appointed in the chapter 11 case of the above-captioned debtor (the "Debtor"), by and through the undersigned, respectfully submits this limited opposition (the "Limited Opposition") to *Citi Connect LLC's Motion to Dismiss its Chapter 11 Case* [Docket No. 92] (the "Motion"). In support of the Limited Opposition, the Examiner respectfully states as follows:

## PRELIMINARY STATEMENT

1. Approximately two months ago, the Debtor stipulated to the appointment of an examiner to resolve the *Motion of the United States Trustee to Appoint a Chapter 11 Trustee*

[Docket No. 61] (the "Trustee Motion").[1] The Debtor agreed to an investigation of transfers made by the Debtor to the Debtor's insiders and non-Debtor affiliates within the four years preceding the petition date and an examiner report setting forth the examiner's findings and recommendation, if any, with respect to any such transfers. Now in the midst of this investigation — and when the Examiner is waiting for information from the Debtor necessary to complete the investigation — the Debtor seeks to dismiss its case because of alleged ongoing negotiations with the Debtor's primary (but not sole) creditor. The Motion does not address the Examiner, the ongoing investigation (which the Examiner is prepared to proceed with), or the payment of the Examiner's and Professionals' (defined below) fees and expenses.

2. The Examiner files this Limited Opposition to request that (i) the Court permit the Examiner to complete the investigation for the Court so the Court has more complete information in evaluating the Debtor's request for dismissal, as this case is not solely a two party dispute; and (ii) any order granting the Motion afford the Examiner and Professionals a reasonable opportunity to file fee applications, provide that the Court retain jurisdiction to hear these fee applications, and condition dismissal upon the payment in full of the Examiner's and Professionals' allowed fees and expenses.

3. The Examiner's investigation has begun but cannot be completed until at least the Examiner receives the requested information and documents from the Debtor. Allowing the Examiner to complete the investigation and file the report, which will address whether the Debtor has any viable avoidance causes of action that could pay back all of the creditors, will ensure that the Court has sufficient information to determine whether to dismiss this chapter 11 case.

---

[1] *See Stipulation and Order Directing the Appointment of an Examiner Pursuant to Section 1104 of the Bankruptcy Code* [Docket No. 70] (the "Examiner Order"), ¶ 3.

Moreover, permitting the Debtor to exit chapter 11 without honoring the administrative-expense consequences of the stipulated Examiner Order would be fundamentally unfair to the Examiner and the Professionals. Dismissal, as currently contemplated, would allow the Debtor to reap the benefits of the stipulated Examiner Order, which resolved the Trustee Motion and avoided a contested hearing under section 1104(a) of the Bankruptcy Code, for the last eight weeks at the Examiner's and Professionals' expense. The Debtor's monthly operating reports also indicate that the Debtor has sufficient funds to pay the anticipated fees for the Examiner and Professionals for the work performed to date.

4. For the reasons set forth herein, the Examiner respectfully requests (i) the Court continue the hearing on the Motion until the Examiner completes the investigation, and (ii) that if the Court is inclined to grant the Motion, afford the Examiner and Professionals an opportunity to file fee applications, retain jurisdiction to determine the Examiner's and Professionals' fee applications, and condition dismissal upon payment in full of the Examiner's and Professionals' allowed fees and expenses.

## RELEVANT BACKGROUND

5. On May 7, 2026, the Office of the United States Trustee (the "U.S. Trustee") filed the Trustee Motion. To resolve the Trustee Motion, the U.S. Trustee and Debtor stipulated to the terms set forth in the Examiner Order. The Examiner Order was entered on July 28, 2026.

6. On August 13, 2026, the U.S. Trustee appointed Stephanie Wickouski as the examiner in this chapter 11 case.[2] The Court entered orders [Docket Nos. 75 and 77] approving the appointment of Ms. Wickouski as the Examiner.

---

2 *See* Docket Nos. 72 and 73.

7. In accordance with the Examiner Order, the Examiner filed a *Motion to Approve Work Plan and Budget* [Docket No. 79] on August 24, 2026, which was approved by the Court on September 3, 2026 [Docket No. 85].

8. On September 24, 2026, the Examiner filed a *Status Report of Stephanie Wickouski, Examiner* [Docket No. 89] (the "Status Report"). As set forth in the Status Report, the Examiner is waiting for documents from the Debtor that were initially requested on September 3, 2026, which are essential to the Examiner's investigation.[3] The Examiner is unable to complete her work for the Court until the Debtor complies with the document request.

9. On October 2, 2026, the Examiner filed a *Motion for Entry of an Order Extending the Deadline to File the Examiner's Report* [Docket No. 97] seeking to extend the deadline to file the report to November 23, 2026 from October 23, 2026.

10. On October 8, 2026, the Court entered orders approving the retention of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel to the Examiner and Pivot Management Group, LLC ("Pivot" and together with PSZJ, the "Professionals") as financial advisor to the Examiner.[4]

## LIMITED OPPOSITION

### A. The Court should permit the Examiner to complete the investigation.

11. Allowing the Examiner to complete the investigation would provide transparency and ensure that the Court has sufficient information to evaluate the Motion and determine if dismissal is truly in the interest of all creditors. The purpose of the investigation is to determine whether the Debtor has any viable causes of action for avoidance of transfers, and to report on and

---

[3] *See* Status Report, ¶ 7. The Examiner was repeatedly advised that the Debtor is working to provide the requested information, but to date, this information has not been received.

[4] *See* Docket Nos. 107 and 108.

recommend a course of action, if any, related to the avoidance and recovery of any of the transfers.[5] The findings in the Examiner's report would go directly to the question before the Court of whether there is cause to dismiss this case, including whether there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and whether there are assets to satisfy the claims of all creditors.[6] However, at this point, the Examiner's investigation cannot advance, let alone be completed, until the Debtor has provided the documents and information requested by the Examiner. Should the Court hold the Motion in abeyance or deny the Motion, the Examiner is prepared to proceed with the investigation and complete it promptly and efficiently.

**B. Cause exists to retain jurisdiction to determine fee applications and condition dismissal on payment of allowed fees and expenses.**

12. Should the Court be inclined to grant the Motion, cause exists for the Court to retain jurisdiction to hear the Examiner's and Professionals' fee applications and to condition dismissal of this chapter 11 case on payment of the Examiner and Professionals' allowed fees and expenses. Under section 349(b) of the Bankruptcy Code, the Court has discretion to place certain conditions upon dismissal of a chapter 11 case. Section 349(b) provides that, "[u]nless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title – (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."[7]

13. Courts in this district and others have found cause to retain jurisdiction to hear fee applications and condition dismissal of a chapter 11 case upon the payment of administrative

---

[5] Examiner Order, ⁋ 3.

[6] 11 U.S.C. § 1112(b)(4)(A); Motion, ⁋⁋ 10-11.

[7] 11 U.S.C. § 349(b).

expenses.[8] The bankruptcy court's decision in *In re New York Hand & Physical Therapy PLLC* is particularly instructive.[9] In that case, the court conditioned the dismissal of a subchapter V case on the payment of the subchapter V trustee's fees.[10] The court emphasized that the debtor had enriched itself with the benefits of subchapter V at the expense of the trustee and that allowing the debtor to avoid paying for such professional services would be inequitable.[11] The court also reasoned that the debtor had sufficient assets to pay the administrative claims.[12] Together, these two facts amounted to "cause" under section 349(b) of the Bankruptcy Code to condition dismissal of the subchapter V case upon payment in full of the subchapter V trustee's fees.[13]

14. Here, there is cause for the Court to afford the Examiner and Professionals a reasonable amount of time to file fee applications, retain jurisdiction to consider such applications, and condition dismissal on the payment of the Examiner's and Professionals' allowed fees and expenses. Like *New York Hand & Physical Therapy PLLC*, allowing the Debtor to dismiss this case without payment of the Examiner's and Professionals' fees would be inequitable. To resolve the Trustee Motion, the Debtor stipulated to the entry of the Examiner Order, which set forth the scope of the investigation and the Examiner's ability to retain professionals necessary to perform

---

8 *See In re New York Hand & Physical Therapy PLLC*, No. 21-35911, 2023 WL 2962204, at *3 (Bankr. S.D.N.Y. Apr. 14, 2023) ("Reliance by a party in interest, such a one with a priority administrative claim, 'on the bankruptcy case presents a textbook example of § 349(b) cause."); *In re Slidebelts, Inc.*, No. 2019-25064, 2020 WL 3816290, at *3 (Bankr. E.D. Cal. July 6, 2020) (quoting HR. Rep No. 95-595 at 338); *see also In re KG Winddown, LLC*, 628 B.R. 739 (Bankr. S.D.N.Y. 2021) (approving structured dismissal where dismissal was conditioned upon paying of certain administrative claims and professional fees); *In re Hagerstown Fiber Ltd. Partnership*, 226 B.R. 353, 359-60 (Bankr. S.D.N.Y. 1998) (conditioning dismissal on retention of jurisdiction to hear the debtor's professional fee applications noting, in part, that the "debtor's professionals have provided substantial services in the case").

9 *In re New York Hand & Physical Therapy PLLC*, No. 21-35911, 2023 WL 2962204, at *4 (Bankr. S.D.N.Y. Apr. 14, 2023).

10 *In re New York Hand & Physical Therapy PLLC*, No. 21-35911, 2023 WL 2962204, at *4 (Bankr. S.D.N.Y. Apr. 14, 2023).

11 *Id.* at *3-4.

12 *Id.*

13 *Id.* at *4.

the investigation. Relying on the Examiner Order, the Examiner accepted appointment, retained the Professionals, and began the investigation. Entering the Debtor's proposed form of order to dismiss this case would allow the Debtor to negotiate its way out of the Trustee Motion by stipulating to an examiner, benefit from the stipulated Examiner Order by avoiding a contested proceeding under section 1104(a) of the Bankruptcy Code, and then dismiss the case before the Examiner's work — and the Examiner's and Professionals' right to be paid for it — is complete.

15. Additionally, the Debtor's recent monthly operating reports indicate that there are sufficient funds to pay the Examiner's and Professionals' anticipated fees. The Debtor's monthly operating report for the month of August shows a cash balance of more than $680,000.[14] The Examiner's and Professionals' accrued and anticipated fees are significantly less than this amount. Therefore, imposing these conditions on dismissal of this case will not unduly prejudice the Debtor. Furthermore, permitting a debtor to voluntarily dismiss its chapter 11 case, in the midst of an investigation without bearing the costs sets a troubling precedent of allowing a debtor to avoid both an examiner's investigation and the associated costs by simply moving to dismiss the chapter 11 case, to the detriment of creditors and estates generally.

## CONCLUSION

16. For the foregoing reasons, the Examiner respectfully requests that the Court (i) continue the hearing on the Motion until the Examiner completes the investigation, and (ii) if inclined to grant the Motion, (a) afford the Examiner and Professionals a reasonable opportunity to file fee applications, (b) expressly provide, pursuant to section 349(b) of the Bankruptcy Code, that the Court retains jurisdiction to determine the Examiner's and Professionals' fee applications

[14] *See* Docket No. 104.

under section 330(a) of the Bankruptcy Code, and (c) condition dismissal upon payment in full of the Examiner's and Professionals' allowed fees and expenses.

Dated: October 12, 2026
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Brooke E. Wilson*

Bradford J. Sandler, Esq.
Brooke E. Wilson, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to Stephanie Wickouski, the Examiner*