**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| CITI CONNECT, LLC, | CASE NO. 25-10369 (LGB) |
| Debtor. | CHAPTER 11 |
| | Hearing Date: November 4, 2026 |
| | Hearing Time: 10:00 AM |

**BHHC's OBJECTION TO THE DEBTOR'S**
**MOTION TO DISMISS ITS CHAPTER 11 CASE**
**AND JOINDER IN LIMITED OPPOSITION OF EXAMINER**

Creditor Berkshire Hathaway Homestate Companies ("BHHC"), by and through its undersigned counsel, hereby files this Objection (the "Objection") to *Citi Connect LLC's Motion to Dismiss its Chapter 11 Case* [Dkt. No.92] (the "Motion to Dismiss" or "Motion") and, additionally, joins (the "Joinder") in the *Examiner's Limited Opposition to Citi Connect LLC's Motion to Dismiss its Chapter 11 Case* [Dkt. No.109] (the "Limited Opposition") filed by Stephanie Wickouski, the examiner (the "Examiner") appointed in the Chapter 11 Case of the above-captioned debtor (the "Debtor). In support of its Objection and Joinder, BHHC respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Motion to Dismiss fails to establish cause for dismissal and that dismissal is in the best interest of the (non-insider) creditors of this estate. If the Motion to Dismiss is not immediately denied by the Court out of hand, it should be denied without prejudice until the Examiner completes her assignment with the Debtor's full and prompt cooperation with such efforts.

2. As indicated in the Limited Opposition of the Examiner, just over two months ago the Debtor expressly agreed with the U.S. Trustee to the appointment of the Examiner in

this case to investigate and report on what appear to be millions of dollars' worth of potentially avoidable transactions involving insiders of the Debtor. The Examiner's appointment was a compromise of the relief requested by the Office of the United States Trustee (the "U.S. Trustee") in seeking to have a Chapter 11 Trustee appointed in this case. Now, after having enjoyed the protection of the Bankruptcy Court and made its creditors wait for an expected plan to address their claims, the Debtor has, and continues to, delay in cooperating with the Examiner and seeks to renege upon that compromise. The only logical inference that can be drawn is that the insiders that control the Debtor do not want the Examiner to complete her work and expose the avoidable nature of their transactions with the Debtor.

3. The Debtor's Motion to Dismiss raises no new material developments in this case since entry of the Examiner Order to support its position that the bankruptcy should be dismissed. The only apparent new development since the Examiner's is appointment is that the Debtor now has second thoughts about the cost of an Examiner (costs that could be lessened by fully and promptly cooperating with the Examiner) and the possible settlement with one, but not all, of its creditors (raising issues of non-disclosure of settlement terms and fair treatment among similarly situated creditors).

4. Given the failure of the Debtor to establish that such dismissal is in the best interest of the creditor body and that the Court has already determined that an Examiner is appropriate for this case, BHHC opposes the relief sought by the Debtor and joins in the Limited Opposition filed by the Examiner.

5. The Debtor's Motion to Dismiss fails to address the unusual circumstances before the Court and fails to establish that dismissal is in the best interest of the creditors. Instead, the Motion to Dismiss appears to only serve as additional evidence that the Debtor is not proceeding in good faith with this case and the need for the Examiner to complete her work.

## RELEVANT BACKGROUND

6. The Debtor filed a petition under Chapter 11 of Title 11 of the United States Code on February 27, 2025 ("Petition Date").

7. Since the Petition Date the Debtor has been operating as a debtor-in-possession.

8. No creditors' committee has been appointed in this case.

9. On May 7, 2026, the U.S. Trustee filed the *Motion of the United States Trustee to Appoint a Chapter 11 Trustee* [Dkt. No. 61] (the "Trustee Motion").

10. To resolve the Trustee Motion, the U.S. Trustee and Debtor stipulated to the terms set forth in the *Stipulation and Order Directing the Appointment of an Examiner Pursuant to Section 1104 of the Bankruptcy Code* [Dkt. No. 70] which was thereafter entered by the Court on July 28, 2026 (the "Examiner Order").

11. On August 13, 2026, the U.S. Trustee appointed the Examiner for her role [Dkt. No. 72]. The Court thereafter entered orders [Dkt. Nos. 75 & 77] approving the appointment of the Examiner.

12. In accordance with the Examiner Order, the Examiner filed a *Motion to Approve Work Plan and Budget* [Dkt. No. 79] on August 24, 2026, which was approved by the Court on September 3, 2026 [Dkt No. 85].

13. On September 24, 2026, the Examiner filed a *Status Report of Stephanie Wickouski, Examiner* [Dkt. No. 89] (the "Status Report"). As set forth in the Status Report, the Examiner is waiting for documents from the Debtor that were initially requested on September 3, 2026, which she asserts are essential to the Examiner's investigation.

14. On October 2, 2026, the Examiner filed a *Motion for Entry of an Order Extending the Deadline to File the Examiner's Report* [Dkt. No. 97] seeking to extend the deadline to file the report to November 23, 2026 from October 23, 2026.

15. On October 16, 2026, the Court entered an *Order Extending the Deadline to File the Examiner's Report* (Dkt. No. 114).

16. BHHC is a prepetition, unsecured creditor of the Debtor in the amount of $827,744.00 as set forth in its timely filed Proof of Claim No. 3 (the "Claim"). The Claim arises out of the failure of the Debtor to fully compensate BHHC for workers' compensation insurance premiums that were either not paid or underpaid by the Debtor over a period of several years. Despite being one of the largest creditors of the Debtor, BHHC has never been disclosed in the Debtor's schedules or amended schedules as a creditor in this case. No objection to the Claim has been filed[1].

**LEGAL ARGUMENT**

17. The Dismissal Motion should be denied due to the Debtor's failure to establish cause for dismissal and because the proposed dismissal is not in the best interests of the non-insider creditors.

18. As noted by the Debtor in its moving papers, 11 U.S.C. § 1112(b) provides that, "Except as provided in paragraph (2) . . . on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b).

19. 11 U.S.C. § 1112(b)(4) contains sixteen examples of events that may constitute cause. This list, however, is "not exhaustive" and courts are free to consider other factors. See, e.g., In re FRGR Managing Member LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009) (citing

---

[1] Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") further provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, any party objecting to a claim has the burden of introducing evidence sufficient to rebut the presumption of validity. E.g. In re Starnes, 231 B.R. 903, 912 (N.D.Tx. 1998).

In re Ameribuild Const. Mgt., Inc., 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009)). The moving party has the burden of demonstrating cause for dismissal. Id. Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b). Id.

20. Once cause is established, the Court must examine whether dismissal or conversion of the case is in the best interests of the creditors and the estate. Id. *Collier* identifies ten possible factors that Courts have utilized to make such a determination:

a. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
b. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
c. Whether the debtor would simply file a further case upon dismissal.
d. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
e. In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
f. Whether any remaining issues would be better resolved outside the bankruptcy forum.
g. Whether the estate consists of a "single asset."
h. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.
i. Whether a plan has been confirmed and whether any property remains in the estate to be administered.
j. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

Id. at 580-581 (citing 7 Collier on Bankruptcy P 1112.05[6]).

21. Here, the unusual situation of this Bankruptcy is one of Debtor's own creation. The Debtor has already agreed to the appointment of an Examiner and the Court entered the Examiner Order based in part on that agreement. Instead of letting the Examiner complete her work, however, the Debtor has frustrated the Examiner in her assigned task and now seeks to use dismissal as a mechanism to be free from the Examine and end this Court's oversight of the insider transactions that served as the basis for the Examiner's appointment in the first

place. The Debtor has not established cause for this extraordinary relief, nor has it demonstrated that this course of action is in the best interests of its creditors or estate.

22. With respect to the Debtor's establishment of cause, the Debtor asserts that the cause which exists to justify dismissal is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation". See Motion at ¶ 10. Additionally, the Debtor also asserts, without supporting proof, that it "may be close to completing" a resolution of one, but not all of, the claims against it and that the Examiner and professional fees in this Chapter 11 case represent a drain on the Debtor's income and overall finances. Motion at ¶ 11.

23. These factual assertions by the Debtor, however, are not supported by affidavit or citations to the record and do not, without substantially more, justify granting the Motion to Dismiss. Instead, the Debtor's Monthly Operating Reports filed in this case support the conclusion that the Debtor has substantially improved its cash position since filing this case. Further, the Debtor is not burdened by any Committee fees as one has not been appointed and the Debtor is almost entirely able to control the Examiner's costs by cooperating in full with her examination[2].

24. As to the existence of a potential settlement with one creditor, there is nothing in the Motion or the record of this case to: a) establish that a settlement with a creditor is certain or substantially likely to occur by a date certain, b) for the parties and Court to evaluate the terms or merits of such settlement; or c) for the Court to conclude that such potential settlement justifies dismissal of this case.

25. Even assuming that the Motion to Dismiss has somehow established cause (it has not), there is not any serious attempt by the Debtor to establish that dismissal is in the best

[2] The Debtor should be equitably estopped from asserting that the fees charged by the Examiner are a burden on the Estate when the Debtor is not fully cooperating with the efforts of such Examiner and therefore driving up the costs of such examination.

interests of the creditors and the estate, and the Motion still must fail. Instead, the dismissal only seems to favor insiders who want to shield transfers to themselves and allegedly help one non-insider creditor in a manner that is not disclosed to the Court.

26. The entire reason for the appointment of the Examiner was that the Debtor had made sizable prepetition transfers to insiders that needed to be evaluated as a potential valuable asset of the estate and that the Debtor seemed unwilling or unable to investigate these claims itself. At the core of Debtor's insider transaction history is the threat of unequal treatment of creditors in this case to the benefit of insiders who control the Debtor. The assertion now that the Debtor wants to only settle with one of its large non-insider creditors and leave everyone else, including BHHC, to fend for themselves without this Court's help and oversight does not seem in any way to be in the best interests of creditors.

27. The above-noted best interest considerations justifying dismissal are simply not supported here. For example, if the case is dismissed, the Debtor may choose to continue to dispute and not pay its non-insider creditors (even the one it might settle with) and promptly dissipate its assets for the benefit of insiders.

28. As set forth in the Trustee Motion, there are serious concerns as to the Debtor's ability to impartially examine its avoidance actions and raise funds to pay its non-insider creditors. Indeed, the Court has already provided for the appointment of an examiner to remedy this situation. Failure to allow the Examiner to complete her work is not in the benefit of any interested party in this action except the Debtor's insiders.

29. Dismissal of this case without a resolution and/or plan to deal with the Debtor's substantial debts could also lead to the re-filing of bankruptcy in the future. This is especially important because this case was initiated primarily to provide the Debtor with access to its bank accounts which had been frozen due to judgment collection efforts against it.

30. Accordingly, since the Debtor fails to establish good cause for dismissal and fails to articulate, let alone establish, why it would be in the best interest of the creditors and estate to free the Debtor from this Court's oversight, the Motion to Dismiss should be denied.

## JOINDER IN THE EXAMINER'S LIMITED OPPOSITION

31. BHHC hereby refers to and incorporates herein the objections raised in the Examiner's Limited Opposition and incorporates the same herein as if fully set forth at length.

## CONCLUSION

32. For the reasons set forth herein, BHHC respectfully requests that the Court deny the Motion to Dismiss and grant such other and further relief which may be just and equitable under the circumstances.

Dated: October 26, 2026
Berkeley Heights, NJ

KENNEDYS CMK LLP
*Counsel to Berkshire Hathaway Homestate Companies*

By: */s/ Philip W. Allogramento III*
Philip W. Allogramento III
400 Connell Drive , Suite 700
Berkeley Heights, NJ 07922
Phil.Allogramento@kennedyslaw.com
(908) 848-6300