Eckert Seamans Cherin & Mellot LLC
Attorneys for the Debtor
10 Bank Street, Suite 700
White Plains, New York 10606
914-286-2851
By: Nicholas A. Pasalides
npasalides@eckertseamans.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CITI CONNECT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No 25-10369(lgb) |

**DEBTOR'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS ITS CHAPTER 11 CASE AND IN RESPONSE TO THE OBJECTION OF BERKSHIRE HATHAWAY HOMESTATE COMPANIES**

Citi Connect, LLC, the debtor and debtor-in-possession (the "Debtor"), by its undersigned counsel, respectfully submits this reply (the "Reply") in further support of its Motion to Dismiss its Chapter 11 Case (ECF Doc No. 92) (the "Motion") and in response to the Objection of Berkshire Hathaway Homestate Companies (ECF Doc No. 117) (the "Objection") filed by Berkshire Hathaway Homestate Companies ("BHHC"). In support of the Reply, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Objection asks the Court to keep this estate in Chapter 11 so that an investigation can proceed, at the estate's expense, over the opposition of the one creditor whose recovery is most at stake. The Debtor's largest creditor, the Joint Industry Board of the Electrical Industry ("JIB"), has filed a response joining in and supporting dismissal, and respectfully requesting that the Court grant the Motion and enter the proposed order dismissing this case. (ECF

Doc No. 99) BHHC, a single creditor holding a disputed, unliquidated claim, it values at $827,744.00, is effectively alone in urging continued administration. (ECF Doc No. 117)

2. The Debtor contends that continued administration in Chapter 11 no longer serves its creditors. The examiner's work, and the professional fees that accompany it, are generating mounting administrative claims against the estate. Those administrative claims take priority over the recoveries of the Debtor's unsecured creditors and place the Debtor at a distinct disadvantage: every dollar consumed by continued administration is a dollar that will not reach the creditor body, and the accruing administrative burden erodes the very resources the Debtor would otherwise devote to satisfying its creditors, including through the resolution it has represented it may be close to completing. (ECF Doc No. 117) Cause for dismissal exists, and dismissal, not the continued accrual of administrative expense, is in the best interests of creditors and the estate.

3. BHHC's premise, that dismissal serves only insiders, cannot be reconciled with the JIB's support. The best-interests inquiry looks to the creditor body as a whole, and here the creditor body, led by the largest creditor, supports dismissal. Indeed, no other creditors have lodged an objection to the Debtor's proposed dismissal. The Objection should be overruled and the Motion granted.

## ARGUMENT

### I. Cause Exists for Dismissal Under Section 1112(b).

4. Section 1112(b) provides that, on request of a party in interest and after notice and a hearing, the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 129, 131–132 (Bankr. S.D.N.Y. 2009). Section 1112(b)(4) lists sixteen examples of "cause," but that list is non-exhaustive, and

courts are free to consider other factors. *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The statute reflects Congress's determination "that a case should not be permitted to linger in Chapter 11 when there are grounds for conversion" or dismissal. *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 129, 131–132 (Bankr. S.D.N.Y. 2009) Bankruptcy judges have "wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b)." *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009) The Debtor, as movant, bears the burden of demonstrating cause by a preponderance of the evidence. *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009); *In re SPAC Recovery Co.*, 676 B.R. 708, 718 (Bankr. S.D.N.Y. 2026)

5. Because the enumerated grounds in Section 1112(b)(4) are illustrative rather than exclusive, the Court may find cause based on the circumstances of the particular case. *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 129, 131–132 (Bankr. S.D.N.Y. 2009); *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). Here, cause is supplied by the steadily accruing cost of continued administration. The examiner's investigation and the professional fees attendant to it are generating administrative claims that are senior in priority to, and payable ahead of, the claims of the Debtor's unsecured creditors. The result is a case whose continuation imposes real and increasing cost on the estate while conferring no corresponding benefit on the creditor body that would bear that cost. The possible benefits of continued administration "must be weighed against the incremental costs to the estate," and "[w]here a trustee would impose an unaffordable burden, dismissal may well be in the estate's best interests." *In re Babayoff*, 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011) The same weighing applies to the administrative burden of the examiner here, and it favors dismissal.

6. BHHC does not dispute that these administrative costs are being incurred. The Objection acknowledges that examiner and professional fees are being charged against the estate; it argues only about how those costs should be allocated and whether they could be reduced. (ECF Doc No. 117) That the estate is bearing, and will continue to bear, the cost of administration is thus common ground. The disagreement is whether that cost should continue to accrue at the expense of the creditors the case was meant to serve. It should not.

**II. Dismissal Is in the Best Interests of Creditors and the Estate.**

7. Once cause is established, the Court examines whether dismissal or conversion is in the best interests of the creditors and the estate, a determination guided by the ten factors identified in Collier. *In re FRGR Managing Member LLC*, 419 B.R. 576, 580–581 (Bankr. S.D.N.Y. 2009) Those factors, and the governing authority, confirm that dismissal is the appropriate course here.

8. The largest creditor and the creditor body support dismissal. The best-interests inquiry does not require that every creditor favor a particular result. It is not necessary that the interest of every creditor actually favor conversion. There is no specific numerosity requirement inherent in section 1112(b) best interest test. The interest of a single creditor with a large enough claim will suffice. *In re Acme Cake Co., Inc.*, 495 B.R. 212, 222 (Bankr. E.D.N.Y. 2010) Here, the Debtor's largest creditor, JIB, has affirmatively joined in and supports dismissal and no other creditors have objected to the Debtor's propsoed dismissal. Where a majority or the predominant body of creditors favors one result, the consensus of a majority of creditors is another factor which may guide the court in determining what is in their best interests. *In re Babayoff*, 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011), and because "the parties will be the best judge of their own best interests," a court should give weight to the course the creditors themselves prefer; dismissal follows where

the supporting parties favor dismissal and no creditor advocates conversion. *In re Van Eck*, 425 B.R. 54, 67 (Bankr. D. Conn. 2010); *In re Van Eck*, 425 B.R. 54, 67–68 (Bankr. D. Conn. 2010)

9. **The holistic inquiry favors dismissal here.** The best-interests standard is "holistic": it directs the Court to consider the anticipated impact of dismissal on the collective welfare of all creditors, rather than the interests of a particular creditor or a select group. *In re SPAC Recovery Co.*, 676 B.R. 708, 725–726 (Bankr. S.D.N.Y. 2026) The forgoing defeats the Objection rather than supporting it. BHHC is a single creditor, holding a claim it concedes has never been scheduled and to which the Debtor's rights are reserved, seeking to override the creditor body's preference for dismissal. The creditor body as a whole, led by the Debtor's largest creditor, supports dismissal. Honoring that collective preference — not deferring to one dissenting creditor — is what the holistic inquiry requires.

10. **Continued administration benefits administrative claimants, not creditors.** The best-interests analysis under Section 1112(b) is limited to "creditors and the estate"; it does not require the Court to weigh the interests of administrative claimants or of all parties in interest. *In re Acme Cake Co., Inc.*, 495 B.R. 212, 217 (Bankr. E.D.N.Y. 2010) Where continued administration or conversion would benefit only a trustee, the professionals, and holders of administrative claims, while leaving unsecured creditors no better off, dismissal is in the best interests of creditors and the estate. *In re Acme Cake Co., Inc.*, 495 B.R. 212, 217 (Bankr. E.D.N.Y. 2010) That is the dynamic here: the examiner and professional fees are the principal ongoing cost of keeping this case open, and they are borne by the estate ahead of the Debtor's unsecured creditors, at the expense of the very creditors the Objection purports to protect.

**III. The Appointment of the Examiner Does Not Require the Court to Deny Dismissal.**

11. BHHC's central argument is that dismissal must await completion of the examiner's work. Section 1112(b) does not support that result. The statute requires dismissal or conversion where cause exists, "whichever is in the best interests of creditors and the estate," subject to a narrow exception: the Court may decline to dismiss or convert only where it "determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C.A. § 1112 The existence of an examiner is not, by itself, that determination. The Court must affirmatively find that continued administration under the examiner serves the best interests of creditors and the estate and on this record it does not.

12. The appointment of a trustee or continuation of an estate fiduciary "is improper where, as here, a fiduciary whose continued administration serves only to increase the estate's administrative expenses "would not be in the interests of creditors." *In re Acme Cake Co., Inc.*, 495 B.R. 212, 222-223 (Bankr. E.D.N.Y. 2010) So too here: the examiner's continued work, however diligent, adds administrative expense that is senior to the unsecured creditors' claims and that reduces what those creditors stand to recover. That incremental burden, weighed against the benefits of continued administration, favors dismissal. (*In re Babayoff*, 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011))

13. This case is not *In re SPAC Recovery Co.*, on which the examiner's limited opposition and BHHC necessarily rely. There, the court denied dismissal because the estate's only significant asset was litigation whose preservation required continuation of the case, and because dismissal would have left unsecured creditors "with nothing" while benefiting only the movants seeking to resume individual collection. *In re SPAC Recovery Co.,* 676 B.R. 708, 725–726 (Bankr. S.D.N.Y. 2026**)** Here, by contrast, the Debtor's largest creditor and the broader creditor body support dismissal, and BHHC identifies no estate asset that dismissal would extinguish. The

avoidance theories the examiner was appointed to explore are not lost on dismissal; creditors retain whatever rights they have to pursue such claims outside this forum. Dismissal here advances the collective interest of creditors; it does not sacrifice it.

**IV. Dismissal Will Not Prejudice BHHC, and Its Insinuation of Bad Faith Is Unsupported.**

14. BHHC suggests that the Motion is a device by which insiders seek to "shield transfers to themselves." (ECF Doc No. 117) That insinuation does not meet the governing standard. Although bad faith can constitute unenumerated cause, it is assessed under the totality of the circumstances using this Circuit's two-prong test, subjective bad faith and objective futility, and the burden of establishing it rests with the party asserting it. *In re SPAC Recovery Co.*, 676 B.R. 708, 716–717 (Bankr. S.D.N.Y. 2026); *In re SPAC Recovery Co.*, 676 B.R. 708, 718 (Bankr. S.D.N.Y. 2026) BHHC offers no evidence satisfying either prong. Seeking a dismissal that the Debtor's largest creditor supports, and that relieves the estate of mounting administrative costs, is not an abuse of process; it is the course Section 1112(b) contemplates when the costs of continued administration no longer serve the creditor body.

15. BHHC's reliance on its omission from the schedules is also misplaced. BHHC's asserted claim was not known to the Debtor at the time of filing, which explains its absence from the Debtor's schedules, and the claim is wholly disputed and remains unliquidated. The claim arises from a workers' compensation premium audit. (ECF Doc No. 117) BHHC is already litigating claims derived from that same audit against Corbel and Citi Industries in the United States District Court for the Southern District of New York.[1] That action remains in its initial

[1] The pending action is captioned *Berkshire Hathaway Homestate Insurance Company et al., v. Corbel Communications Industries of California Inc., et. al.*, Civil Action No: 26-cv-03154- ER

stages, and the pleadings have not yet closed. The non-disclosure of a claim the Debtor did not know of bears on claims allowance, not on whether cause for dismissal exists.

16. For the same reasons, BHHC will suffer no prejudice from dismissal. BHHC's claim is disputed and unliquidated regardless of the forum. If this case remains in Chapter 11, that claim will be met with a claim objection and must be litigated to allowance here; if the case is dismissed, BHHC may assert and liquidate the claim in the District Court, including by joining the pending litigation arising from the same workers' compensation audit. Either way, BHHC retains a full and adequate opportunity to pursue its claim. BHHC filed a proof of claim (Claim No. 3), is a participating party, and its ability to assert and pursue that claim is unaffected by dismissal. (ECF Doc No. 117) A disputed, unliquidated claim held by a single creditor that already has a parallel federal forum is no reason to keep the estate in Chapter 11, accruing administrative expense, over the objection of the creditor body. BHHC's related concern that the Debtor might "re-file" is speculative and, in any event, is addressed by the Court's authority to condition any dismissal.

## CONCLUSION

17. For the reasons set forth above and in the Motion, and consistent with the support of the Debtor's largest creditor, the Debtor respectfully requests that the Court overrule the Objection, grant the Motion, enter the proposed order dismissing this Chapter 11 case, and grant such other and further relief as is just and proper.

Dated: White Plains, New York
October 29, 2026

*/s/Nicholas A. Pasalides*

Nicholas A. Pasalides, Esq. (No. 4941696)
Eckert Seamans Cherin & Mellott, LLC
*Attorneys for the Debtor*
10 Bank Street, Suite 700
White Plains, New York 10606
Tel.: (914) 949-2909
npasalides@eckertseamans.com